UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| Robert Cooper,<br><br>Plaintiff,<br><br>– against–<br><br><br>NCB Management Services, Inc. and Capital One Bank (USA), National Association,<br><br>Defendant(s). | Civil Action No.<br><br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Robert Cooper (hereinafter "Plaintiff"), by and through his attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendants, NCB Management Services, Inc. ("NCB") and Capital One Bank (USA), National Association ("Capital One") alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

1

## PARTIES

2. Plaintiff, Robert Cooper, is an adult citizen of the State of Washington.

3. Defendant NCB is a corporation registered to do business in Delaware that is regularly engaged in the business of collecting debts in Delaware.

4. Defendant Capital One is a corporation organized and existing under the laws of Delaware.

5. NCB is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action are defined by 15 U.S.C. § 1681 and pursuant to 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States district court, without regard to the amount in controversy.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) because all defendants are residents of the state of Delaware.

## FACTUAL ALLEGATIONS

9. Defendants attempted to collect a debt allegedly owed by Plaintiff to Capital One relating to consumer purchases.

10. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and constitutes a "debt" for purposes of 15 U.S.C. § 1692a(5).

11. On or about December 7, 2017, Plaintiff and NCB, on behalf of Capital One, entered into a settlement agreement for Plaintiff's Capital One account ending in 6164. A copy of the settlement agreement is attached herein as Exhibit A.

12. Pursuant to the terms of the settlement, Plaintiff was required to make twelve (12) payments totaling $3,160.00.

13. The aforementioned settlement agreement constituted a written agreement by Defendants to settle Plaintiff's Capital One account, in consideration of settlement payments which Plaintiff would be required to make.

14. Plaintiff, via his debt settlement representative, made the requisite settlement payments, which were accepted by Defendants.

15. However, Defendants only accepted and cashed the first ten payments. After the tenth payment, Defendant refused to accept further payments.

16. On January 4, 2019, Plaintiff's debt settlement representative contacted NCB to resolve the payment discrepancy. An NCB representative named Carly explained that Plaintiff's account was recalled and was no longer with NCB.

17. Thereafter, Plaintiff's debt settlement representative contacted Capital One to resolve the payment discrepancy.

18. A Capital One representative explained that Capital One would not honor the original settlement agreement.

19. Defendants' reneging on the settlement agreement with Plaintiff constitutes a breach of contract.

20. NCB knew or should have known that its actions violated the FDCPA. Additionally, NCB could have taken the steps necessary to bring its actions

within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

21. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

22. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard of federal law and the rights of the Plaintiff herein.

## COUNT I

### (Breach of Contract)

23. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

24. Defendants acknowledged that they agreed to a settlement with Plaintiff, in consideration of the settlement payments which Plaintiff would be required to make.

25. Plaintiff timely made the requisite settlement payments.

26. Defendants accepted and cashed only the first ten payments and thereafter, refused to accept further payments and honor the settlement agreement.

27. Defendants' reneging on their settlement agreement with Plaintiff constitutes a breach of contract.

28. As a result, Plaintiff has suffered actual and monetary damages.

## COUNT II

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

29. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

30. Defendants owed Plaintiff an implied covenant of good faith and fair dealing with respect to the settlement agreement entered between Defendants and Plaintiff.

31. By way of the foregoing conduct, Defendants breached the implied covenant of good faith and fair dealing that they owed to Plaintiff with respect to the settlement agreement.

32. Defendants have acted unreasonably and in bad faith and deprived Plaintiff of the benefit of the bargain of the settlement agreement by refusing to perform their obligations under the settlement agreement.

33. Specifically, Defendants owed a duty to Plaintiff to take all steps to honor the original agreement and to not engage in conduct that might result in the settlement agreement not being honored.

34. As a result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered actual and monetary damages.

## COUNT III

### (Fair Debt Collection Practices Act)

35. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

36. The above contacts between NCB and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

37. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

38. FDCPA § 1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law.

39. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt.

40. NCB violated the FDCPA by falsely and deceptively inducing Plaintiff to enter into a settlement agreement which it did not intend to adhere to and which it intended to breach, and did breach.

41. As a result of the above violations of the FDCPA, NCB is liable to Plaintiff for actual damages, statutory damages under the FDCPA, which can be up to $1,000, attorney's fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands that judgment against Defendants as follows:

1) That judgment be entered against Defendants for actual and monetary damages accrued by Plaintiff as a result of their breach of contract;

2) That judgment be entered against Defendants for actual and monetary damages accrued by Plaintiff as a result of their breach of the implied covenant of good faith and fair dealing;

3) That judgment be entered against NCB for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

4) That judgment be entered against NCB for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

5) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

6) That the Court grant such other and further relief as may be just and proper.

Dated: July 29, 2019

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1800 JFK Boulevard, Suite 300
Philadelphia, PA 19103
(215) 326-9179
ag@garibianlaw.com
*Counsel for Plaintiff*